United States District Court
Southern District of Texas

**ENTERED**

September 06, 2024

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **SURGICAL ASSOCIATES OF HOUSTON, P.A.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:23-cv-4719** |
| **KIMBERLY RENSEL,** | § § § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court[1] is *pro se* Defendant Kimberly Rensel's ("Defendant") Motion to Dismiss (ECF No. 6) and Plaintiff Surgical Associates of Houston, P.A.'s ("Plaintiff") Motion to Strike and Request for Sanctions (ECF No. 18) on Defendant's "Submission Against the Response to Motion to Dismiss," which the Court construes as Defendant's Reply ("Reply") (ECF No. 14). Based on a review of the motions and applicable law, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) and **DISMISSES** without prejudice Plaintiff's complaint for failure to state a claim subject to Plaintiff filing an amended complaint. The Court further **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike (ECF No. 18) as set forth below.

---

[1] On April 22, 2024, all parties consented to proceed before the undersigned pursuant to Title 28 U.S.C. § 636(c). The case was transferred from the United States District Judge to the undersigned to conduct all further proceedings, including final judgment. (ECF No. 15).

## I.  Background

On December 19, 2023[2], Plaintiff filed its complaint against Defendant, a former employee, alleging a violation of the Computer Fraud and Abuse Act ("CFAA") under Title 18 U.S.C. § 1030 (ECF No. 1; 16 at ¶ 1).  Specifically, Plaintiff claims Defendant "intentionally, and without authorization, accessed [Plaintiff's] website management tools, email addresses, Facebook page, Instagram page, Google page, and Yelp page."  (*Id.* at ¶ 14).  Plaintiff alleges Defendant's actions, including "improperly changing passwords to prevent Plaintiff from rightfully accessing its accounts, deleting critical email accounts belonging to Plaintiff, and improperly accessing and deleting confidential, HIPAA-protected health information stored on protected computers," resulted in damage and loss to Plaintiff.  (*Id.* at ¶¶ 15–19).  Plaintiff contends Defendant "effectively denied [Plaintiff] access to its own accounts and caused significant disruption to the business."  (*Id.* at ¶ 12).  Plaintiff further claims Defendant "misappropriated and claimed [Plaintiff's] website . . . as her own and utilized it to drive potential business opportunities away from [Plaintiff]."  (*Id.*).  Plaintiff alleges Defendant's conduct "resulted in damage and loss to Plaintiff"

---

[2] On May 20, 2022, Plaintiff filed its Original Petition in state court, alleging violations of the Texas Uniform Trade Secrets Act, trademark infringement, breach of fiduciary duty, and fraud by non-disclosure.  (ECF No. 8 at ¶ 1).  A copy of an order in Cause No. 2022-30548 from the 61st Judicial District Court in Harris County, Texas, denying Defendant's Motion for Attorney Fees is attached to Plaintiff's Motion to Strike as ECF No. 18-7.

and Plaintiff is seeking actual damages and reasonable attorney fees and costs. (*Id*. at ¶¶ 18–19).

On January 12, 2024, Defendant filed her Motion to Dismiss (ECF No. 6) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[3] In her motion, Defendant details factual allegations attempting to explain and refute Plaintiff's allegations that she violated the CFAA.  (*See* ECF No. 6). Defendant claims the federal lawsuit should be dismissed because it contains the same accusations as the state lawsuit, and the Plaintiff cannot now bring the same claims in federal court because Plaintiff waited too long.  (ECF No. 6 at ¶¶ 1, 7–8; ECF No. 14 at ¶ 1).  Defendant further alleges Plaintiff's Complaint should be dismissed because Plaintiff did not claim it suffered $5,000.00 in damages under the CFAA.  (ECF No. 6 at ¶ 10).

---

[3] In her motion to dismiss, *pro se* Defendant merely cites to Rules 12(b)(1) and 12(b)(6) as the basis of her motion.  (ECF No. 6 at ¶ 1).  She then goes on to argue the merits of the Defendant's CFAA claim.  In this situation, the proper disposition of Defendant's motion is under Rule 12(b)(6) rather than Rule 12(b)(1).  *See Beta Tech. Inc. v. Meyers*, Civ. No. H-13-1282, 2013 WL 5602930, at *2 (S.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981) ("'Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court (assuming that the plaintiff's federal claim is not immaterial and made solely for the purpose of obtaining federal jurisdiction and is not insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case.'"); *Herrera v. NBS, INC.,* 759 F.Supp.2d 858, 863 (W.D. Tex. 2010) ("finding motion to dismiss for lack of subject matter jurisdiction was really an attack on the merits of the claim, and construing it as a motion to dismiss for failure to state a claim under Rule 12(b)(6)")).  Thus, the Court finds that federal question jurisdiction exists under 28 U.S.C. § 1331 and 18 U.S.C. § 1030 and addresses Defendant's motion to dismiss under the Rule 12(b)(6) standard.

## II.      Legal Standards

### A.      Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).  In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *see also Firefighters' Ret.*

4

*Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018) ("Although a complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level . . . .") (internal quotations omitted)). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Firefighters' Ret. Sys.*, 894 F.3d at 669 (quoting *Iqbal*, 556 U.S. at 678). "The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Santerre v. Agip Petroleum Co., Inc.*, 45 F. Supp. 2d 558, 568 (S.D. Tex. 1999) (internal quotations omitted).

To determine whether to grant a Rule 12(b)(6) motion, a court may only look to allegations in a complaint to determine their sufficiency. *Id.*; *Atwater Partners of Tex. LLC v. AT & T, Inc.*, No. 2:10-cv-175-TJW, 2011 WL 1004880, at *1 (E.D. Tex. Mar. 18, 2011). "A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned." *Joubert on Behalf of Joubert v. City of Houston*, No. 4:22-cv-3750, 2024 WL 1560015, at *2 (S.D. Tex. Apr. 10, 2024).

Regarding Defendant's *pro se* status, while courts "construe the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with court rules of

procedural and substantive law." *Lawson v. Cowan*, No. 18-CV-312, 2018 WL 6790646 at *2, (W.D. Tex. Oct. 15, 2018), *report and recommendation adopted*, No. 18-CV-312, 2018 WL 6795981 (Nov. 01, 2018) (citing *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).  "'*[P]ro se* parties still must brief the issues and reasonably comply with the standards' of the Federal Rules." *Johnson v. Garcia*, No. 5:20-CV-137, 2021 WL 2451745, at *5 (E.D. Tex. Mar. 8, 2021), *report and recommendation adopted*, No. 5:20-CV-137, 2021 WL 1826961 (May 07, 2021).

### B.    CFAA

As pertinent here, the CFAA provides:

(a) Whoever –

(5)(B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

(C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss [;]

(6) knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if –

(A) such trafficking affects interstate or foreign commerce[.]

shall be punished as provided in subsection (c) of this section.

*Simmonds Equip., LLC v. GGR Int'l, Inc.*, 126 F. Supp. 3d 855, 862 (S.D. Tex. 2015) (quoting 18 U.S.C. § 1030(a)(5)(B) and (C)).  The CFAA further states that

> [a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.  A civil action for a violation of this section may be brought **<u>only</u>** if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).  Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.

*Id.* (quoting 18 U.S.C. § 1030(g)) (emphasis added).  "Section 1030(g) extends the ability to bring a civil action to any person suffering damage or loss under 'this section,' which refers to § 1030 as a whole, as subsection (g) does not proscribe any conduct itself."  *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1157 (5th Cir. 2006).

However, the statute goes on to state that a civil right of action exists under the CFAA only if it concerns conduct involving one of the following factors: (I) economic damages to 1 or more persons during any 1-year period aggregating at least $5,000; (II) modification or impairment to medical treatment of 1 or more individuals; (III) physical injury to any person; (IV) threat to health or public safety; or (V) damage affecting a computer used for or by a federal governmental entity in furtherance of the administration of justice, national defense, or national security.  *See* 18 U.S.C.

§ 1030(c)(4)(A)(i)(I)-(V); *Fiber Sys. Int'l., Inc.*, 470 F.3d at 1157.  The CFAA's express terms create a civil right of action, as long as the conduct complained of involves one of the factors listed in 18 U.S.C. § 1030(c)(4)(A)(i).  *Ennis Transp. Co., Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *2 (N.D. Tex. Feb. 24, 2009).  "To state a civil CFAA claim, a plaintiff must allege that one of the first five factors listed in 18 U.S.C. § 1030(c)(4)(A)(i) is present." *Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 521 (E.D. La. 2018); *see New South Equip. Mats, LLC v. Keener*, 989 F. Supp. 2d 522, 529 (S.D. Miss. 2013) ("a civil action under subsection 1030(g) of the CFAA requires; . . . (3) establishing one of the five types of conduct specified under subsection (c)(4)(A)(i) . . . ) (quoting *Nyack Hosp. v. Moran*, No. 08-11112 (SCR) (PED), 2010 WL 4118355, at *6 (S.D.N.Y. June 1, 2010) (quoting *Czech v. Wall St. on Demand, Inc.*, 674 F. Supp. 2d 1102, 1109 (D. Minn. 2009))).

## III.  Argument

Defendant moves to dismiss under Rule 12(b)(6), arguing[4] Plaintiff is precluded from bringing this lawsuit because Plaintiff did not "state that it had

---

[4] Defendant also disputes whether Plaintiff's factual allegations are violations of the CFAA. (ECF No. 6).  However, Defendant's factual disputes on whether Plaintiff engaged in conduct prohibited under the CFAA cannot be decided on a motion to dismiss.  *See Absolute Energy Sols., LLC v. Trosclair*, No. H-13-3358, 2014 WL 360503, at *3 (S.D. Tex. Feb. 3, 2014) ("This factual dispute—that is whether, [Defendant] was authorized to access Plaintiff's email system at that time—cannot be decided on a motion to dismiss.").  Thus, the Court will not address the disputed factual issues at this time.

$5,000 of damages in the Complaint because it can't make that claim."[5]  (ECF No. 6 at ¶ 10).  Defendant goes on to state that "[t]here is no way that $5,000 of damage was done to [Plaintiff] because the actual operation of the med spa was not interrupted by the administrative control over the advertising platforms."  (*Id.*).  Defendant contends the case must be dismissed because Plaintiff did not state in the Complaint that it had $5,000.00 in damages.  (*Id.*).

Plaintiff responds that Defendant wrongly interprets the CFAA. Plaintiff assumes Defendant wrongly refers to 18 U.S.C. § 1030(a)(4), which states:

> whoever knowing and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

---

[5] Defendant also makes an argument that since Plaintiff is making the same factual allegations in federal court as Plaintiff is making in the state court proceeding, that Plaintiff must then file suit in the same lawsuit within 30 days.  (ECF No. 6 at ¶ 7).  Defendant fails to brief or cite to any statutory authority, doctrine, or legal precedent to support her argument.  "While [Defendant] is proceeding pro se and is not a lawyer, this does not relieve h[er] of familiarizing h[er]self and complying with the district's Local Civil Rules and the Federal Rules of Civil Procedure applicable to all litigants, and it is not the court's responsibility to give Plaintiff or any pro se litigant legal advice."  *Williams v. City of Richardson*, No. 3:16-cv-2944-L, 2018 WL 4269088, at *2 (N.D. Tex. Sept. 7, 2018).  Thus, the Court will not infer or attribute any statutes or legal doctrine to which Defendant may be referring.

(ECF No. 8 at ¶ 13); *see* 18 U.S.C. § 1030(a)(4).  Plaintiff argues Defendant violated the CFAA in several ways not tied to any one computer.  (ECF No. 8 at ¶ 13).

While *pro se* Defendant may have inarticulately argued Plaintiff failed to allege at least $5,000 of damage in its Complaint and, therefore, the Complaint must be dismissed, the Court agrees with Defendant.  Plaintiff's Complaint suffers multiple deficiencies, one of which renders it subject to dismissal.  First, Plaintiff fails to cite to the subsections of the CFAA it claims Defendant violated.  Given the factual allegations in the Complaint, it appears Plaintiff is referring to violations of 18 U.S.C. § 1030(a)(5)(B), (C) and 6.  Each of these subsections requires proof of some damage or loss and Plaintiff must show such damage or loss as an element of the claim.  *See New South Equip. Mats, LLC*, 989 F. Supp. 2d at 529 ("To the extent that New South has attempted to assert a claim based on the alleged violation of any of the subparts of § 1030(a)(5), no claim is stated as each of these provisions requires damages as an element of the claim . . .").  "Damage" is defined under the CFAA as "any impairment to the integrity or availability of data, a program, a system, or information."  18 U.S.C. § 1030(e)(8).  "Loss" is defined under the CFAA as:

> any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the

offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11).  Without knowing the subsection Plaintiff contends Defendant violated, the Court is unable to determine which element applies to the claim—"damage" or "loss."

Nevertheless, "to survive dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Beta Tech., Inc.*, 2013 WL 5602930, at *2 (quoting *Twombly*, 550 U.S. at 544).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 662).  Plaintiff's bare-boned allegations that Defendant "deleted critical email accounts belonging to Plaintiff," misappropriated credentials thereby "effectively den[ying] Plaintiff access to its own accounts and caused significant disruption to the business," deleted "confidential HIPAA protected patient files," and utilized Plaintiff's website "to drive potential business opportunities away from [Plaintiff]," taken as true, allows the Court to draw a reasonable inference that Plaintiff has pleaded a plausible claim that it sustained "damage" or "loss" by the Defendant under one of the subsections of the CFAA.

Next, and more importantly, Plaintiff has failed to allege a loss exceeding $5,000 as required.  As previously stated, to have a civil CFAA claim, a plaintiff

must allege that one of the first five factors listed in 18 U.S.C. § 1030(c)(4)(A)(i) is present.  *See Rulh*, 350 F. Supp. 3d at 521.  Looking at Plaintiff's Complaint, there are no factual allegations that Defendant's conduct involved: (1) modification or impairment of the medical examination, diagnosis, treatment, or care of one or more individuals; (2) physical injury to any person; (3) a threat to public safety; or (4) damage affecting a computer used by a federal governmental entity in furtherance of the administration of justice, national defense, or national security.  *See* 18 U.S.C. § 1030(c)(4)(A)(i)(II-V).  That leaves only section I, which requires Plaintiff to "allege facts capable of establishing that the CFAA violations at issue caused a loss to one or more persons during any one-year period of at least $5,000."  *Simmonds Equip., LLC*, 126 F. Supp. 3d at 865 (citing 18 U.S.C. § 1030(c)(4)(A)(i)(I) and (g)); *see New South Equip. Mats, LLC*, 989 F. Supp. 2d at 531 ("[I]n order to bring any civil action under the CFAA, [Plaintiff] must show not only that it suffered 'damage' or 'loss' by a defendant's alleged actions, but such damage or loss must meet the $5,000 minimum statutory threshold set forth in 18 U.S.C. § 1030(c)(4)(A)(i)(I)) (citing *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 439–40 (2d Cir. 2004) ("joining '(near) unanimous view that any civil action under the CFAA involving 'damage or loss,' . . . must satisfy the $5,000 threshold'")).

Plaintiff's Complaint is completely devoid of any factual allegations with respect to any of the 18 U.S.C. § 1030(c)(4)(A)(i)(I-V) requirements to sustain a civil action.  Plaintiff has neither alleged that it sustained a loss of at least $5,000 nor asserted any facts that would support a determination that it suffered any loss totaling at least $5,000.  *See New South Equip. Mats, LLC*, 989 F. Supp. 2d at 531.  Thus, Plaintiff has failed to state a claim for relief under the CFAA.  *See id*. (citing *Fontana v. Corry*, No. 10-cv-1685, 2011 WL 4473285, at *10 (W.D. Pa. Aug. 30, 2011) ("holding that 'generalized allegation of damage and loss in excess of $5,000 during a one-year period is insufficient to plead the requisite jurisdictional amount under the CFAA'"); *Oce North America, Inc. v. MCS Servs., Inc.*, 748 F. Supp. 2d 481, 488 (D. Md. 2010) ("finding plaintiff's allegation that it 'has suffered impairment to the integrity or availability of its data, programs, systems and information resulting in losses or damages in excess of $5,000 during a one year period' to be merely conclusory and insufficient to plead the $5,000 minimum damages requirement to bring a suit under the CFAA")).  Because Plaintiff has failed state a claim for relief under the CFAA, dismissal of Plaintiff's Complaint without prejudice is warranted.

13

## IV.  Amendment Policy

Nevertheless, "[t]here is a 'well-established policy that the plaintiff be given every opportunity to state a claim.'" *Dunlap v. Fort Worth Indep. Sch. Dist.*, No. 4:21-cv-790, 2021 WL 6503710, at *2 (N.D. Tex. Dec. 15, 2021), *report and recommendation adopted*, No. 4:21-cv-790, 2022 WL 160242 (Jan. 18, 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977))).  Federal policy dictates that it is better to decide cases on the merits rather than technicalities.  *See id.*  "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Ricardo v. Bank of N.Y. Mellon*, No. 16-cv-3238, 2017 WL 3424975, at *2 (S.D. Tex. Aug. 9, 2017) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  However, it is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how they can cure any defects.  *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying leave to amend after dismissing claims under Rule 12(b)(6) because "the plaintiffs did not demonstrate to the court how they

14

would . . . cure the pleading defects raised by the defendants" and did not proffer a proposed amended complaint).  Additionally, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).  "Amendment would be futile if the proposed amended complaint 'fail[s] to state a claim upon which relief could be granted.'" *Thomas v. Samuel*, No. 2:22-cv-00158, 2023 WL 1529544, at *1 (S.D. Tex. Feb. 2, 2023) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

In this case, it appears plausible that Plaintiff could correct its pleading deficiencies and could state a plausible claim for relief under the CFAA if given an opportunity to file an amended complaint.  *See Rulh*, 350 F. Supp. 3d at 523.  The Court finds that Plaintiff has not alleged its best case against Defendant for a CFAA violation and should be afforded an opportunity to file an amended complaint alleging facts sufficient to state a claim.  *See Dunlap*, 2021 WL 6503710, at *10.  If Plaintiff fails to file an amended complaint that correctly pleads a CFAA claim, then this case will be dismissed with prejudice.

## V.    Motion to Strike

Under Rule 12(f), "a court 'may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'" *Inclusive Louisiana v. St. James Parish*, 702 F. Supp. 3d 478, 488 (E.D. La. 2023) (quoting FED. R. CIV.

15

P. 12(f)).  Courts have significant discretion in deciding whether to grant or deny a motion to strike.  *Id*.  Motions to strike are generally disfavored and rarely granted.  *Id*. (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)).  "Striking a pleading 'is a drastic remedy to be resorted to only when required for the purposes of justice.'"  *Id*. (quoting *Augustus*, 306 F.2d at 868).  Thus, a motion to strike is granted only when the pleading has no possible relation to the controversy and the moving party shows prejudice. *Id*.

Plaintiff requests the Court strike Defendant's Reply (ECF No. 14) because it is untimely filed and "fails to address any of the factual or legal issues in dispute and instead is riddled with unnecessary personal attacks on the character of Dr. Zhen Fan ("Dr. Fan") and Plaintiff's counsel."  (ECF No. 18).  Defendant's Reply contains factual disputes on why Defendant believes Plaintiff filed this lawsuit against her, Defendant's personal feelings on the lawsuit, and her personal feelings about Plaintiff's counsel.  In addition, Defendant attached, as an exhibit, a declaration from a person commenting on Plaintiff counsel's application to appear pro hac vice in an unrelated case from California.  (ECF No. 14 at 4–19).  The declaration contains this person's comments and feelings about Plaintiff's counsel in opposing her application to appear pro hac vice.  (*Id*.).

Having reviewed Plaintiff's Motion and Defendant's Reply (ECF No. 14), the Court finds that paragraphs 1-2 and 5-8 of the Reply should not be stricken as these contain information relevant to Defendant's factual disputes in this lawsuit and provide some background for the parties and the court and do not show prejudice. *See Inclusive Louisiana*, 702 F.Supp.3d at 490 ("'it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action.'") (quoting Wright & Miller, 5C Federal Practice and Procedure § 1382 (3d ed)). However, paragraphs 3, 4 and the attached exhibit contain allegations that are immaterial, impertinent, unnecessary to the issues in question, irrelevant, derogatory and prejudicial to Plaintiff if presented before a jury. *See id.* Thus, paragraphs 3, 4 and the attached exhibit to Defendant's Reply (ECF No. 14) shall be stricken from the pleading. *See id.* at *4.

Plaintiff further requests the Court sanction Defendant in response to her Reply and award the attorney's fees Plaintiff "was forced to incur to respond to this unscrupulous behavior." (ECF No. 18 at 3). In support of its motion for sanctions, Plaintiff cites to *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 1184-85, n.2 (2017). (ECF No. 18 at ¶ 12). However, in that case, the parties had settled, and the United States Supreme Court found sanctions under Rule 7 should not be imposed after final judgment in a case. *See id.*

Plaintiff also cites *Clear* [sic] *v. JPMorgan Chase Bank, N.A.*, and asserts the Court may impose sanctions as part of its inherent power to protect the efficient and orderly administration of justice and protect against abusive litigation tactics. (ECF No. 18 at ¶ 10). That case cites Rule 11 and focused on sanctions against a vexatious litigant who had filed multiple frivolous claims. *See Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218-19 (N.D. Tex. 2020). The Court finds that sanctions, if any, are to be evaluated under the provisions of Rule 11.

Rule 11(b) states that attorneys and *pro se* litigants who present filings to the court certify that such filings are not for an improper purpose, such as harassment, delay or increasing costs, are legally supported or nonfrivolous, and will likely have factual evidentiary support. *See Florance v. Bush*, No. 3:09-cv-1470, 2010 WL 2710665, at*2 (N.D. Tex. Jun. 24, 2010), *report and recommendation adopted*, No. 3:09-cv-1470, 2010 WL 2710596 (July 8, 2010) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). "After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions," which include monetary and injunctive sanctions. *Id.* (citing FED. R. CIV. P. 11(c)(1)). "Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct." *Id.* (citing

18

*Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); FED. R. CIV. P. 11(c)(4)).

However, Rule 11(c)(2) provides that a party seeking sanctions must file a stand-alone motion, separate and apart from any other motion, that describes the sanctionable conduct. *Id.* This rule contains a safe-harbor provision that requires motions "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* This rule is strictly construed, and substantial compliance is insufficient. *Id.* Failure to follow this requirement will result in denial of the motion. *Id.* The movant has the burden to prove compliance with the safe-harbor provision. *Id.*

Here, Plaintiff filed the motion for sanctions the same date it was served on Defendant via the court's electronic filing system. (ECF No. 18 at 10). In addition, Plaintiff filed a motion for sanctions and a motion to strike at the same time. Thus, Plaintiff failed to comply with Rule 11(c)'s requirements that a motion for sanctions must be filed as a stand-alone motion and failed to comply with the safe-harbor provision. In addition, the Court finds that striking the offending portions of Defendant's Reply is a sufficient sanction. Consequently, Plaintiff's motion for sanctions (ECF No. 18) is denied.

19

## VI.    Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint **,** subject to the filing of an amended complaint.  This dismissal shall be held in abeyance for **<u>twenty-one</u>** days from the date of this Order to allow Plaintiff an opportunity to file an amended complaint.  In the event Plaintiff's amended complaint is not docketed within twenty-one days, the Clerk of the Court will be instructed to dismiss this civil action.  *Hobelman v. Signature Pointe*, No. 3:19-cv-3066, 2020 WL 2736702, at *1 (N.D. Tex. May 26, 2020). The Court further **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike and Request for Sanctions (ECF No. 18).  The Court strikes paragraphs 3 and 4 as well as the attached exhibit from the pleading. Plaintiff's request for sanctions is **DENIED**.

**SIGNED** in Houston, Texas on September 6, 2024.

Richard W. Bennett
United States Magistrate Judge